RHONDA K. WOOD, Judge, dissenting. One of the stipulated issues in this case was whether Deborah Warnock was entitled to temporary total-disability (TTD) benefits from October 11, 2011, to a date to be determined. Warnock offered no proof at the hearing that she was incapable of earning wages, a requirement to receive TTD benefits. Therefore, I 13would reverse the Commission’s award of benefits and its imposition of a 36% penalty against appellants. The prehearing order in this case read as follows: “By agreement of the parties the issues to litigate are limited to the following: ... [t]emporary total disability from October 2011, to a date to be determined.” The Commission adopted this stipulation as fact and ruled that Warnock was entitled to TTD benefits. The majority affirms the Commission’s decision because Warnock had not yet had the surgery we ordered in the previous appeal; moreover, the majority holds, the previous decision is law of the case. But whether Warnock was entitled to additional surgery and whether she was entitled to TTD benefits are two distinct questions. Additionally, the law-of-the-case doctrine does not apply because the issues in this appeal and the previous appeal are different; further, the issue was never raised below, so we cannot address it now. Warnock had the burden of proof at the hearing, which she failed to meet. To receive temporary total-disability benefits, a claimant has the burden of proof to demonstrate by a preponderance of the evidence (1) that she was within a healing period and (2) that she was totally incapacitated from earning wages. Hickman v. Kellogg, Brovm & Root, 372 Ark. 501, 277 S.W.3d 591(2008). Yet in this case, War-nock did not present any medical evidence that she was unable to work from October 2011 forward. Instead, she admitted to filing and receiving unemployment benefits after informing the agency she.was able and available for employment.[1] The ALJ’s order, adopted by the Commission, merely concluded that because |inWarnock was within her healing period then she was entitled to TTD benefits. That decision erred by implying that a claimant within the hearing period automatically receives TTD benefits.[2] That is not the law. Applying the proper legal test, I would find that Warnock failed to meet her burden that she was incapable of earning wages from October 2011 to a date to be determined and would hold that she is not entitled to benefits. Last, the law-of-the-case doctrine is inapplicable. The law-of-the-case doctrine provides that on a second appeal the decision of the first appeal becomes the law of the case, and is conclusive of every question of law or fact decided in the former appeal, and also of those which might have been, but were not, presented. Clemmons v. Office of Child Support Enforcement, 345 Ark. 830, 47 S.W.3d 227 (2001). The doctrine prevents an issue raised in a prior appeal from being raised in a subsequent appeal. Id. The issue raised in the prior appeal was TTD benefits from May 2010 forward. Here, the issue raised was TTD benefits from October 2011 forward, an issue that was not decided in the former appeal. In fact, it is what the parties stipulated that the hearing was about. If the issue of TTD benefits from October 2011 forward was precluded by the law-of-the-case doctrine, then a hearing on that issue would have been irrelevant, and the ALJ would not have accepted the stipulation that this issue was properly in front of the Commission for a determination. Warnock could have simply asserted that our prior appeal required that her TTD benefits continue indefinitely. 1 nAdditionally, Warnock did not object and argue that a new decision on TTD benefits was precluded by the law of the case. And law of the case, like res judica-ta, is an affirmative defense and cannot be raised for the first time on appeal. Clem-mons, supra. “In order to preserve an issue for appellate review in a workers’ compensation case, it is a party’s responsibility to present the issue to the Commission and obtain a ruling.” St. Edward Mercy Med. Ctr. v. Chrisman, 2012 Ark.App. 475, at 6, 422 S.W.3d 171, 175. Because Warnock did not raise the law-of-the-case defense and obtain a ruling, we cannot affirm on that basis. . This is unlike the first appeal, where War-nock presented a doctor’s note that said she could not lift over twenty pounds and could not return to work for three weeks. But that note was from June 2009, two years earlier than when this hearing took place in May 2012. . Surgery could be necessary even if the claimant cannot receive TTD benefits. See, e.g., Stallworth v. Hayes Mech., Inc., 2013 Ark. App. 188, 2013 WL 1010392 (affirming denial of TTD benefits, but remanding for additional findings regarding medical treatment).